IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JACKIE ROBINSON,**                                  Case Number 4:13 CV 2524

     Petitioner,                                        Judge James S. Gwin

      v.                                            REPORT AND RECOMMENDATION

**CHRISTOPHER LAROSE,** Warden

     Respondent.                                    Magistrate Judge James R. Knepp II

## INTRODUCTION

*Pro se* Petitioner Jackie Robinson, a prisoner in state custody, filed a petition seeking a writ of habeas corpus ("Petition"). (Doc. 1). Petitioner sought, and was granted, leave to amend his petition. (Docs. 3, 4). Respondent Warden Christopher LaRose filed a Motion to Dismiss (Doc. 11) with attached exhibits, which Petitioner opposed (Doc. 12).[1]

The district court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Doc. 5). For the reasons discussed below, the undersigned recommends the Court GRANT Respondent's Motion and DISMISS the Petition as time-barred.

## PROCEDURAL BACKGROUND[2]

### State Trial Court

Robinson was indicted by the July2008 Term of the Summit County, Ohio, Grand Jury on one count of Failure to Comply with an Order or Signal of Police Officer in violation of Ohio

---

1. Petitioner also filed a Motion for Sanctions (Doc. 13), a Motion for Summary Judgment (Doc. 14), and a Motion for Prayer for Relief (Doc. 15), each of which, in light of the Recommendation as to the Motion to Dismiss herein, should be denied as moot.
2. Respondent filed an Appendix to the Motion to Dismiss. (Doc. 11-1). For ease of reference, the Court cites to Exhibits therein by number.

Revised Code R.C. §2921.331(B), one count of Having Weapons While Under Disability in violation of R.C. §2923.13(A)(2), one count of Obstructing Official Business in violation of R.C. §2921.31, one count of Driving Under Suspension in violation of R.C. §4510.11, M-1, one count of Reckless Operation in violation of R.C. §5411.20, MM, and one count of Failure to Control, in violation of R.C. §4511.202, MM. (Ex. 1, Case No. 2008-07-2480). Robinson waived his appearance at arraignment and, through counsel, entered a plea of not guilty to the indictment. (Ex. 2). On September 9, 2008, Robinson retracted his former not guilty pleas and entered a plea of guilty to the lesser included offense of Failure to Comply with an Order or Signal of a Police Officer and guilty to Having Weapons While Under a Disability. The remaining counts in the indictment were dismissed. (Ex. 3). On October 17, 2008, Robinson was sentenced to an aggregate term of three years incarceration. (Ex. 4).

Petitioner failed to timely appeal this judgment.

**Motion for Judicial Release**

Over a year later, on October 22, 2009, Petitioner, *pro se*, filed a motion with the trial court seeking judicial release (Ex. 5), which the court denied on March 11, 2010 (Ex. 6).

**Motion for Appellate Review of Sentencing**

On March 9, 2012, more than three years after he was sentenced, Petitioner filed, with the trial court, a document seeking appellate review of the "Sentencing Court's Failure to Meet Statutorily Mandated Requirements." (Ex. 7). Robinson renewed that motion on April 13, 2012. (Ex.t 8). On April 16, 2012, Robinson filed a motion for summary judgment on the trial court's failure to meet mandated requirements. (Ex. 9). The Court issued an Order on August 16, 2012, denying the motion for the reason that it was without jurisdiction to hear it since Robinson had an appeal pending in the court of appeals raising this same issue. (Ex. 10).

**Motion for Release from Illegal Confinement**

In the meantime, on December 15, 2011, Petitioner filed a Motion with the trial court, seeking his release from what he characterized as illegal confinement, on the basis that his three-year term of incarceration had expired. (Ex. 11). On January 19, 2012, he filed a Motion for Summary Judgment on that same basis (Ex. 12), which the State of Ohio opposed (Ex. 13). In its Opposition, the State indicated that it never received Petitioner's Motion for Release from Illegal Confinement. (Ex. 13). The State argued that Petitioner was being held as a parole violator from earlier convictions in Summit County for which he had received significant sentences. (Ex. 13). Following Petitioner's Reply (Ex. 14), the court denied Petitioner's motions on February 16, 2012 (Ex. 15). The court found, alternately, that it did not have the authority to grant the relief Petitioner sought and that, in any event, his motions were not well-taken. (Ex. 15). It concluded by stating "Defendant remains in the Marion Correctional Institution on his sentence on other convictions." (Ex. 15).

Unpersuaded, Petitioner filed a Motion for Judicial Findings of Fact and Conclusions of Law on February 28, 2012, (Ex. 16), which the State opposed (Ex. 17). The court denied that Motion on March 19, 2012. (Ex. 18).

**Appeal to Ninth District**

On April 13, 2012, Petitioner filed a *pro se* Notice of Appeal (Ex. 19), apparently of the court's February 16, 2012 Order and also referencing his request for "Appellate Review of Sentencing Court's Failure to Meet Statutory Mandated Requirements" (Ex. 7), which had been lodged on March 9, 2012. In his Appellate Brief, Petitioner set forth two Assignments of Error:

> 1. TRIAL COURT'S FAILURE TO MEET STATUTORILY MANDATED REQUIREMENTS. APPELLANT DID NOT ENTER INTO THE PLEA AGREEMENT VOLUNTARILY,

INTELLIGENTLY AND KNOWINGLY, AS REQUIRED BY OHIO LAW.

2.  APPELLANT WAS NOT INFORMED AT SENTENCING THAT HE MAY APPEAL AS A MATTER OF RIGHT THE SENTENCE IMPOSED UPON HIM. R.C. 2953.08

The State filed a responsive Brief (Ex. 21), and Petitioner filed a Reply Brief (Ex. 22). The court of appeals dismissed the appeal on August 31, 2012, finding the appeal to have been not timely lodged and that the appellate court was, accordingly, without jurisdiction to consider the attempted appeal. (Ex. 23).

**Motion to Correct Illegal Sentence**

Following the dismissal of his appeal, on September 13, 2012, Petitioner filed, in the trial court, what he captioned "Motion to Correct an Illegal Sentence". (Ex. 24). In that filing, Petitioner argued that the trial court erred in taking his guilty plea and at his sentencing hearing by failing to "properly inform him of the mandatory terms of post release control" which negated his knowing, voluntary and intelligent entry into the plea agreement. (Ex. 24). The State responded that Petitioner was seeking to withdraw his plea under Ohio Crim. R. 32.1, but since he failed to attach a transcript, the motion must fail. (Ex. 25). Petitioner filed a similarly captioned Motion on September 24, 2012, restating and expanding his contention that his plea had not been knowingly, voluntarily and intelligently entered. (Ex. 26). Upon his contention that the State had failed to respond, Petitioner filed a Motion for Summary Judgment on November 7, 2012. (Ex. 28).

Each of the foregoing motions was denied by the court in its Order of December 31, 2012. (Ex. 30). The court cited authority requiring a movant seeking to withdraw a guilty plea

4

"to submit evidentiary documents sufficient to demonstrate manifest injustice". (Ex. 30). Finding

he failed to do so, the court determined he was not entitled to withdraw his guilty pleas. (Ex. 30).

**Appeal to the Ninth District**

Not surprisingly, Petitioner filed another untimely pro se appeal on February 8, 2013.

(Ex. 31). The State's Motion to Dismiss the appeal as untimely (Ex. 32) was granted by the

appellate court on March 5, 2013 (Ex. 33). This was followed by motions for reconsideration

(Ex. 34) and for summary judgment (Ex. 35) by Petitioner in the court of appeals. The Motion

for Reconsideration was denied by the court of appeals on June 10, 2013. (Ex. 36).

**Motion for Leave to File a Delayed Appeal to the Ohio Supreme Court**

On June 5, 2013, Petitioner filed a *pro se* Notice of Appeal and Motion for leave to file a

delayed appeal in the Supreme Court of Ohio. (Ex. 37). The Ohio Supreme Court denied leave to

appeal and dismissed the case on January 23, 2013. (Ex. 20).

### FEDERAL HABEAS PETITION

Petitioner filed a Petition on November 14, 2013 and, on February 18, 2014, sought leave

to file an Amended Petition (Doc. 3), which was granted on March 4, 2014 (Doc. 4).The

Amended Petition alleges the following grounds for relief:

> **GROUND ONE:** THE TRIAL COURT WAS FAILING TO STRICTLY
> COMPLY WITH CRIM. R. 11(C)(2)(C) AS THE COURT DID NOT FOLLOW
> SAID RULES INSTRUCTIONS AND ADVISE MR. ROBINSON OF ALL
> LISTED CONSTITUTIONAL RIGHTS AND WARNINGS REQUIRED BY
> CRIM. R. 11(C)(2)(A) AND (b) BEFORE ACCEPTING MR. ROBINSON
> PLEA OF GUILTY.
>
> **GROUND TWO:** THE SECOND ASSIGNMENT OF ERROR BY THE TRIAL
> COURT WAS ITS FAILURE TO EXPLAIN THE MINIMUM AND
> MAXIMUM TERMS OF IMPRISONMENT AND THE POSSIBILITY OF
> CONSECUTIVE SENTENCES, AND, THAT THE COURT DID NOT HAVE
> TO ABIDE BY THE PLEA AGREEMENT.

**GROUND THREE:** THE THIRD ASSIGNMENT OF ERROR, TRIAL COURT COMMITED PREJUDICIAL ERROR WHEN IT VIOLATED THE PLEA AGREEMENT: TRIAL COUNSEL WAS U.S. (SIC) CONSTITUTIONALLY INEFFECTIVE FOR NOT OBJECTING TO SAME, VIOLATING DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION, THE PLEA COLLOQUY UNDER CRIM.R. 11(C) WAS DEFICIENT BECAUSE THE TRIAL COURT FAILED TO PROPERLY INFORM MR. ROBINSON OF THE MANDATORY DRIVERS LICENSE SUSPENSION, AND THE PENALTIES OF VIOLATING POST RELEASE CONTROL PRIOR TO THE ENTERING OF MR. ROBINSONS GUILTY PLEAS, SAID FAILURE PREJUDICED MR. ROBINSON TO THE EXTENT THAT HIS PLEA WAS RENDERED IN LESS THAN A KNOWING, INTELLIGENT, AND VOLUNTARY MANNER. FURTHER, THE TRIAL COURT PROVIDED MISINFORMATION WHEN IT ADVISED MR. ROBINSON THAT HE HAD BEEN PROPERLY INFORMED. MR. ROBINSON GUILTY PLEA WAS OBTAINED IN VIOLATION OF DUE PROCESS, AND IS VOID: AS TRIAL COURT DID NOT STRICTLY COMPLY WITH CRIM.R. 11, AS IT PERTAINS TO THE WAIVER OF FEDERAL CONSTITUTIONAL RIGHTS.

**GROUND FOUR:** UNLAWFUL CONFINEMENT.

(Doc. 3).

## MOTION TO DISMISS

Respondent moves to dismiss the Petition as untimely. (Doc. 11). Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), there is generally a one-year period in which a prisoner in state custody may file a petition for habeas relief in federal court:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The AEDPA statute of limitations is not absolute; it can be statutorily or equitably tolled. The statute provides that the time during which post-conviction or other collateral review proceedings are pending in state court "shall not be counted toward any period of limitation". 28 U.S.C. § 2244(d)(2). When a petitioner is aware of the factual predicate of his claims, and the claims do not implicate §§ 2244(d)(1)(B) or 2244(d)(1)(C), the one-year statute of limitations begins to run on the date his judgment became final – at the expiration of the time for seeking direct review. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).

First, it is clear from the record that neither § 2254(d)(1)(C) or § 2254(d)(1)(D) apply to the case at bar. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court, made retroactively applicable to cases on collateral review. Moreover, Petitioner fails to present any evidence as to precisely when a duly diligent person in Petitioner's circumstances could have discovered the factual predicate of his claims before his conviction became final at the conclusion of direct review or expiration of time for seeking such review. *See DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006) ("[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2254(d)(1)(D)); *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) ("[A]n application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence") (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Therefore, the Court must calculate the date in which Petitioner's judgment became final,

7

apply any legitimate tolling time, and conclude whether his habeas claim was filed timely within the one-year AEDPA limitations period.

The standard start date for the one-year statute of limitations, or the date on which a judgment becomes final by the expiration of time for seeking direct review, comes from 28 U.S.C. § 2244(d)(1)(A). In Ohio, a petitioner has 30 days to appeal from an order that is final upon its entry. Ohio App.R. 4(A)(1). When a petitioner does not seek review within the 30 day period, the trial court judgment becomes final at the end of that period, and the statute of limitations begins to run the next day. Fed.R.Civ.P. 6(a)(1) ("[I]n computing any time period . . . exclude the day that triggers the period."). Here, Petitioner did not seek direct review of his October 17, 2008 judgment of conviction and sentence; therefore, Petitioner's conviction became final 30 days later, on November 16, 2008.

Petitioner failed to file any actions that would serve to statutorily toll the limitation period. Indeed, the only relief he sought during the limitation period was a Motion for Judicial Release, which he filed on October 22, 2009. As Respondent properly points out, however, that motion did not seek review of the pertinent judgment. Rather, Petitioner merely sought leniency in the execution of that judgment. (Ex. 5). This motion, which neither challenges nor seeks review of Petitioner's conviction or sentence, does not toll the statute of limitations under § 2244(d)(2) during the time it was pending in the state court. Thus, the one year period for filing a habeas corpus petition expired on November 16, 2009.

While Petitioner subsequently filed multiple motions challenging his conviction and sentence and seeking leave to obtain appellate review, these actions can only serve to toll an unexpired limitations period under § 2254(d)(2); they cannot, however, restart the clock on an expired limitations period. *Applegarth v. Warden*, 377 F. App'x 448, 449 (6th Cir. 2010);

*Vroman v. Brigano*, 346 F.3d 598, 601-02 (6th Cir. 2003). As a result, the AEDPA statute of limitations expired on November 16, 2009. Yet, the instant Petition was not filed until November 14, 2013. Accordingly, the Petition is time-barred from federal habeas review and should be dismissed unless Petitioner can show his limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010).

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Ineffective assistance of counsel may constitute extraordinary circumstances sufficient to warrant relief. *Robinson*, 424 F. App'x at 442. However, it only warrants tolling if it was both beyond the control of the litigant and unavoidable with reasonable diligence. *Id*.

Thus, to demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649; *see also Robison*, 424 F. App'x at 442 (explaining that prior to *Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001), to determine equitable tolling under AEDPA). Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Here, Petitioner cannot show he was diligent in pursing his rights. This is due to the fact that Petitioner filed his first post-conviction motion over three years after his sentence was final.

Moreover, Petitioner has failed to demonstrate that an "extraordinary circumstance" stood in his way to prevent timely filing. Neither a petitioner's *pro se* status nor a professed ignorance of the law will justify equitable tolling of the limitations period. *Johnson v. United States*, 544 U.S. 295, 311 (2005); *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling.").

Finally, equitable tolling for ineffective assistance claims is a high standard, used sparingly. Here, Petitioner makes conclusory allegations that his attorney failed to advise him of the consequences of his guilty plea and that he was never informed of his appellate rights. However, the Sixth Circuit has declined to allow equitable tolling for ineffective assistance even in circumstances when a petitioner's attorney failed to inform him of his appellate decision for more than a year after it was issued. *Robinson*, 424 F. App'x at 440-43; *see also Keeling v. Warden*, 673 F.3d 452, 463 (6th Cir. 2012); *Winkfield v. Bagley*, 66 F. App'x 578, 583-84 (6th Cir. 2003) (No equitable tolling when petitioner's attorney misled him into believing his appeal was still pending before state court.); *Elliot v. Dewitt*, 10 F. App'x 311, 312-13 (6th Cir. 2001) (No equitable tolling when petitioner's attorney and the state court allegedly failed to inform him that a decision had been rendered affirming his conviction.). This, coupled with Petitioner's failure to establish that he diligently pursued his claims, persuades the Court that Petitioner's is not a case which warrants equitable tolling.

In sum, Petitioner has failed to show he diligently pursued his rights, or that any circumstance kept him from timely filing, let alone an extraordinary one. Thus, his Petition should be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court GRANT Respondent's Motion to Dismiss (Doc. 11) and DISMISS the amended Petition (Doc. 3) as time-barred.  In light of the foregoing, it is further recommended that Petitioner's Motion for Sanctions (Doc. 13), Motion for Summary Judgment (Doc. 14) and Motion for Prayer for Relief (Doc. 15) be DENIED, as moot.

> s/James R. Knepp II
> United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).