UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
JACKIE ROBINSON, :
: CASE NO. 4:13-CV-2524
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Docs. 1, 11, 13, 14, 15, 16, 17]
CHRISTOPHER LAROSE, :
Warden, :
:
Respondent. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 29, 2015, Magistrate Judge James R. Knepp II recommended that the Court dismiss petitioner Jackie Robinson's habeas corpus petition and related motions.[1] Petitioner has filed an objection to the Report and Recommendation ("R&R").[2] Nevertheless, because the Court agrees with the Magistrate Judge that the petition is time-barred, the Court **ADOPTS** the Magistrate Judge's R&R, **DISMISSES** Robinson's habeas corpus petition, **GRANTS** Respondent's motion to dismiss, and **DENIES** Petitioner's motions for sanctions, summary judgment, and prayer for relief.

## I. Background

On September 9, 2008, Petitioner Jackie Robinson pleaded guilty in Ohio state court to failing to comply with an order or signal of a police officer and for having weapons while under a disability.[3] On October 17, 2008, he was sentenced to an aggregate term of three years of

---

[1] Doc. 16.
[2] Doc. 17.
[3] Doc. 16 at 1-2.

Case No. 4:13-CV-2524
Gwin, J.

incarceration.[4/] Petitioner did not timely appeal his conviction or sentence.

Subsequently, Petitioner undertook a series of motions and appeals in Ohio state courts seeking, among other things, judicial release, appellate review of sentencing, release from illegal confinement, and for the trial court to correct an illegal sentence.[5/] All of the motions and appeals were denied as either untimely or not meritorious.

Petitioner then filed a federal habeas petition on November 14, 2013,[6/] and an amended petition on March 4, 2014.[7/] The petition was referred to Magistrate Judge Knepp for an R&R. The R&R recommends that the Court dismiss the amended petition as time-barred and grant Respondent's motion to dismiss petitioner's related motions. Petitioner objects to the R&R.[8/]

## II. Standards

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets a one-year statute of limitations for seeking federal habeas relief from a state court judgment.[9/] The limitation period begins to run on the date the judgment becomes final "by conclusion of direct review or the expiration of the time for seeking such review."[10/] The limitation period may be statutorily or equitably tolled.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of an R&R to which the parties have made an objection.[11/] The parties must raise

---

[4/] *Id.* at 2.
[5/] See *id.* at 2-5 for a discussion of Petitioner's state court motions and appeals.
[6/] Doc. 1.
[7/] Doc. 4.
[8/] Doc. 17.
[9/] 28 U.S.C. § 2244(d).
[10/] *Id.*, § 2244(d)(1)(A).
[11/] *Id.*, § 636(b)(1).

Case No. 4:13-CV-2524
Gwin, J.

specific objections to the R&R because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object."[12/] Absent objection, a district court may adopt the Magistrate Judge's R&R without review.[13/]

### III. Analysis

Petitioner's only specific objection to the R&R is that the Magistrate Judge failed to address Petitioner's claim of unlawful confinement. The Magistrate Judge did not need to reach the merits of any of Petitioner's arguments because he correctly found the petition to be time-barred by AEDPA. Petitioner never sought direct review of his conviction or sentence. For the purposes of AEDPA, the judgment became final on November 16, 2008 when Petitioner's opportunity to seek an appeal of his conviction expired.[14/] Thus, AEDPA statute of limitations expired on November 16, 2009. Petitioner has not demonstrated that the limitation period was tolled, either equitably or statutorily. Since Petitioner did not file his habeas petition until November 14, 2013, his entire federal habeas petition is untimely. Thus, the Magistrate Judge did not err when he declined to specifically address Petitioner's unlawful confinement claim.

The rest of Petitioner's objection is a general objection to the substance of the Magistrate Judge's R&R. As the Sixth Circuit has noted an "objection[] must be clear enough to enable the district court to discern those issues that are dispositive and contentious."[15/] Here, Petitioner has not objected with sufficient specificity so that the Court can ascertain the issues that are dispositive and contentious. Petitioner is merely disputing the correctness of the R&R without specifying the findings

---

[12/] *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).
[13/] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[14/] *See* Ohip R. App. P. 4(A)(1) (requiring that a party seeking to appeal an order that is final upon its entry must file a notice of appeal within 30 days of the entry).
[15/] *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Case No. 4:13-CV-2524
Gwin, J.

believed to be in error. The R&R recommends the dismissal of Petitioner's habeas petition along with his motion for summary judgment, sanctions, and his motion entitled "Prayer for Relief." Since Robinson's petition is untimely and his objections to it non-specific, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Magistrate Judge's R&R in full.

### IV. Conclusion

Accordingly, the Court **ADOPTS** Magistrate Judge Knepp's findings of fact and conclusions of law and incorporates them fully herein by reference. The Court **GRANTS** Respondent's motion to dismiss, **DISMISSES** Petitioner's habeas petition and **DENIES** Petitioner's motions for sanctions, summary judgment, and prayer for relief.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[16]

IT IS SO ORDERED.

Dated: February 23, 2015                        s/    *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[16] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).